UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLINT ALAN NEICE                                                                                    PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:19CV841-LG-RHW

HARRISON COUNTY                                                                                DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On November 8, 2019, Plaintiff Clint Alan Neice, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging excessive force incident to an arrest. He filed the lawsuit while detained at the Harrison County Detention Center. Defendant filed an answer on February 6, 2020. The Court set the matter for a screening hearing to be conducted on June 22, 2020 at 9:00 AM. Doc. [13].

On May 12, 2020, the order setting the matter for hearing and a notice of the hearing were mailed to Plaintiff at his address of record: Harrison County Detention Center, 10451 Larkin Smith Drive, Gulfport, MS 39503. The Notice was returned as "Undeliverable". The Court received an email response from Amanda Clark, with the Harrison County Sheriff's Department, who indicated Plaintiff was released from Harrison County's custody on January 27, 2020. Plaintiff has not submitted a change of address with the Court; therefore, he has failed to advise of his current address as directed by the Court on numerous occasions. *See* Doc. [3] [5] [6] [8]. Nor has he communicated with the Court in any manner since he last filed a pleading on December 6, 2019. *See* Doc. [7].

On June 22, 2020, the Court came to order at the appointed time and announced Plaintiff's case. Counsel for Defendant was present; however, Plaintiff did not appear for the

hearing. Plaintiff's name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well but received no response. Based on Plaintiff's failure to maintain a current address and failure to appear for the hearing, the Court finds Plaintiff no longer demonstrates interest in prosecuting his claims.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff Clint Alan Neice's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 22nd day of June 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE